IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RANDALL DEAN SPARKMAN, PRO SE, § <br> TDCJ-CID #1248393, § <br> Previous TDCJ-CID #636597, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DON SCHOFEILD, § <br> § <br> Defendant. § | 2:04-CV-0332 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff RANDALL DEAN SPARKMAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed in forma pauperis.

Plaintiff complains he is a victim of malpractice and misrepresentation by the defendant in conspiracy with the Randall County District Attorneys Office to deprive plaintiff of a jury trial in order to save time, money and effort by getting plaintiff to agree to a plea bargain.

Plaintiff requests an award of $500,000.00.

**JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

At best, plaintiff's claim appears to be that his Due Process rights were violated when his attorney rendered ineffective assistance of counsel or conspired with the District Attorney to deprive him of a jury trial by wrongfully convincing him to accept a plea bargain. Two elements are necessary for recovery under section 1983: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law[3], usually by a state

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[3] The "color of law" inquiry centers on whether a person who is affiliated with a state government or its political subdivision has used his position to deprive another of his constitutional rights. "[T]he nature of the act performed, not the clothing of the actor or even the status of [the party] . . ., determines whether the officer has acted under color of law." *Colon v. Lomelo*, 575 F.Supp. 664, 667 (S.D.Fla. 1983) (quoting *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D. Pa. 1968)). Action taken "under color of" state law is not limited only to that action taken by state officials pursuant to state law. *Monroe v. Pape*, 365 U.S. 167, 185, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). It encompasses "[m]isuse of power, possessed by virtue of stat law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Id*. at 184, 81 S.Ct. at 482.

2

official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Defendant SCHOFEILD appears to have represented plaintiff in the criminal case for which he is currently incarcerated. If attorney SCHOFEILD was retained counsel, he was not acting under color of state law. *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). Alternatively, assuming attorney SCHOFEILD was court-appointed defense counsel, this fact also fails to supply the element of state action. *McCoy v. Gordon*, 709 F.2d 1060, 1062 (5th Cir. 1983), *cert. denied*, 472 U.S. 1030, 105 S.Ct. 3507, 87 L.Ed.2d 637 (1985); *United States ex rel Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (*per curiam*).

Plaintiff has failed to allege any material facts which would support a claim of conspiracy. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

Moreover, a favorable determination of plaintiff's claims against SCHOFEILD would call into question the validity of his underlying conviction. The Supreme Court, deciding *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), considered the relationship between habeas corpus claims[4] and civil rights claims[5], broadly holding that any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

---

[4] Habeas claims brought under 28 U.S.C. § 2254.

[5] Civil rights claims under 28 U.S.C. § 1983.

such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, S.Ct. at 2372). Plaintiff has not alleged any determination which would fulfill the *Heck* requirement and his allegations, showing he is presently incarcerated on the challenged conviction, demonstrate his conviction is still standing. Further, a search of court records indicates no habeas action has been filed, much less received a favorable resolution.

Consequently, any claim of an illegal conspiracy which violated plaintiff's constitutional rights is frivolous and will not accrue until after the *Heck* conditions have been met. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).

## CONCLUSION

IT IS HEREBY ORDERED:

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff RANDALL DEAN SPARKMAN is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

IT IS SO ORDERED.

ENTERED THIS __16th__ DAY OF MAY 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE